```
 1

 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF MISSOURI
 3                         SOUTHERN DIVISION

 4
    UNITED STATES OF AMERICA,    ) Case No. 23-03101-01-CR-S-MDH
 5                               )
              Plaintiff,         ) Springfield, Missouri
 6                               ) September 27, 2023
    v.                           )
 7                               )
    PHILIP RUSSELL TURNER,       )
 8                               )
              Defendant.         )
 9  _____)

10
              TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT,
11                   FILING OF INFORMATION AND PLEA
                 BEFORE THE HONORABLE DAVID P. RUSH
12              CHIEF UNITED STATES MAGISTRATE JUDGE

13
    APPEARANCES:
14
    For the Plaintiff:         Mr. Shannon T. Kempf
15                             Assistant United States Attorney
                               901 E. St. Louis Street, Ste. 500
16                             Springfield, MO  65806
                               (417) 831-4406
17
    For the Defendant:         Ms. Teresa G. Fiester
18                             3010 E. Battlefield
                               Springfield, MO  65804
19                             (417) 831-3852

20  Court Audio Operator:      Ms. Karla Berziel

21  Transcribed by:            Rapid Transcript
                               Lissa C. Whittaker
22                             1001 West 65th Street
                               Kansas City, MO  64113
23                             (816) 914-3613

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

(Court in Session at 9:20 a.m.)

THE COURT: I'm calling in *United States vs. Philip Turner*. The defendant appears in person along with his attorney, Ms. Teresa Fiester. The United States appears by Assistant United States Attorney, Mr. Shannon Kempf. This matter is set this morning for a Waiver of an Indictment, the filing of an Information and then a plea to that Information pursuant to a written Plea Agreement. Mr. Turner, have you seen the Information that the United States proposes to file in your case?

MR. TURNER: Yes, sir.

THE COURT: Do you understand that because the maximum penalty contained in that Information exceeds one year, that you have an absolute right to have that matter presented to a federal Grand Jury?

MR. TURNER: Yes, sir.

THE COURT: Now I'm going to briefly describe for you the Grand Jury process and then ask two follow-up questions in relation to the Waiver of an Indictment that you and your attorney have signed. A Grand Jury would consist of not more than 23 persons and not less than 16 persons and they would listen to the evidence presented by the United States. If not satisfied with the scope of that evidence, they could subpoena evidence themselves, and if, after hearing all the evidence, 12 or more grand jurors found probable cause to believe that this offense had been committed and you committed it, then they would

1 return an Indictment and that would be the charge against you.
2 If 12 or more grand jurors did not find probable cause this
3 charge could not be filed. The only way that the United States
4 can file this Information without going through the Grand Jury
5 process as I've just described to you is with your informed
6 knowledge and consent. Now you have signed a Waiver of an
7 Indictment. Do you understand your right to have this matter
8 presented to a federal Grand Jury?
9     MR. TURNER: Yes, sir.
10     THE COURT: And is it your desire to give up that right
11 understanding that that will allow the United States to file this
12 Information?
13     MR. TURNER: Yes, sir.
14     THE COURT: I am also signing the Waiver of an
15 Indictment and I find that the defendant's waiver has been made
16 with the defendant's informed knowledge and consent. The record
17 should reflect that the Information has been filed with the
18 Court.
19     Mr. Turner, you have also signed a consent to have these
20 proceedings for a plea of guilty before a Magistrate Judge, with
21 the understanding that a United States District Judge, a judge of
22 higher jurisdiction, will keep your case for acceptance of the
23 plea of guilty and sentencing. Even though you've signed this
24 consent you have a right, if you wish, to appear before a United
25 States District Judge, a judge of higher jurisdiction. At any

1 appearance before the District Judge, you are presumed innocent
2 until such time, if ever, as the United States establishes your
3 guilt beyond a reasonable doubt to the satisfaction of the judge
4 or jury. You always have a right to be present and to confront
5 and cross-examine witnesses. You have a right to use the power
6 of the court to subpoena evidence on your behalf and you have a
7 right to testify or not testify as you would choose. And if you
8 chose not to testify it would not be held against you because
9 that is your right. If, after understanding the charge against
10 you, the range of punishment, if convicted, and your right to
11 appear before a District Judge, if you wish, you may waive or
12 give up that right and proceed this morning before the Magistrate
13 Judge. As I indicated, you have also signed such a consent. Do
14 you understand that you have a right to appear before a United
15 States District Judge, a judge of higher jurisdiction, for these
16 proceedings?
17     MR. TURNER: Yes, sir.
18     THE COURT: And is it your desire to give up that right
19 and proceed this morning before the Magistrate Judge?
20     MR. TURNER: Yes.
21     THE COURT: Do you understand the charge against you in
22 the Information that's been filed in this case?
23     MR. TURNER: Yes, sir.
24     THE COURT: Do you understand that if convicted of the
25 charge in the Information, that the maximum penalty the court may

1 impose is not more than three years' imprisonment, not more than
2 a $250,000 million fine, not more than one year supervised
3 release, an Order of Restitution, and a $100 mandatory special
4 assessment?
5     MR. TURNER:  Yes, sir.
6     THE COURT:  To the charge in the Information, how do you
7 wish to plead, guilty or not guilty?
8     MR. TURNER:  Guilty, Your Honor.
9     THE COURT:  Would you please raise your right hand to be
10 sworn in?
11     PHILIP RUSSELL TURNER, DEFENDANT, SWORN
12     THE COURT:  Has anyone made any threat of any kind to
13 force you to plead guilty or give up any of the other rights
14 we've discussed?
15     MR. TURNER:  No, sir.
16     THE COURT:  Now, you have signed a Plea Agreement and a
17 supplement to that agreement.  Have you read both of those
18 agreements and gone over them with Ms. Fiester?
19     MR. TURNER:  Yes, Your Honor.
20     THE COURT:  Do you understand what's contained in both
21 agreements?
22     MR. TURNER:  I do, Your Honor.
23     THE COURT:  Other than what is contained in those two
24 agreements, has anyone made any promise of any kind to induce you
25 or overcome your will to get you to plead guilty or give up any

of the other rights we've discussed?

MR. TURNER: No, sir.

THE COURT: Now I mentioned to you that there was a supervised release term of not more than one year that could be imposed in your case. Do you understand that if that term of supervised release were imposed and then revoked for any reason, that you could be required to serve an additional term of imprisonment of not more than one year, and if that happened, you would receive no credit for any other time you had spent either in custody or on release?

MR. TURNER: Yes, Your Honor.

THE COURT: Do you understand that the court could then impose an additional term of supervised release, which is governed by the maximum of the statute, minus any time you'd spent in custody as a result of a violation?

MR. TURNER: Yes, Your Honor.

THE COURT: Do you understand that from a sentence imposed in your case that there is no parole?

MR. TURNER: Yes, Your Honor.

THE COURT: Do you understand that there are Sentencing Guidelines to which the District Judge or the sentencing judge would refer to in an advisory capacity when attempting to fashion a reasonable sentence in your case?

MR. TURNER: Yes. Yes, sir.

THE COURT: There are Sentencing Guideline calculations

1  in your Plea Agreement.  Have you discussed the Sentencing
2  Guidelines with Ms. Fiester?
3         MR. TURNER:  I have, Your Honor.
4         THE COURT:  And do you understand them?
5         MR. TURNER:  I do.
6         THE COURT:  Do you understand that the final decision as
7  to how the Sentencing Guidelines are calculated and ultimately
8  what sentence will be imposed rests with the District Judge?
9         MR. TURNER:  I do, Your Honor.
10        THE COURT:  If the District Judge would calculate the
11 Sentencing Guidelines differently from what is in your Plea
12 Agreement, and what you've discussed with your attorney, that
13 fact would not give you the right to withdraw or change your plea
14 of guilty.  Do you understand that?
15        MR. TURNER:  I do understand that, sir.
16        THE COURT:  Once the District Judge establishes the
17 advisory Sentencing Guideline range, in some circumstances, you
18 could be sentenced above that range and, in other circumstances,
19 you could be sentenced below that range.  And again, the judge's
20 decision, if you disagree, would not give you the right to
21 withdraw your plea of guilty.  Do you understand that?
22        MR. TURNER:  Yes, Your Honor.
23        THE COURT:  Now, Mr. Turner, you have a right to a trial
24 by jury with all the protections that I explained to you at the
25 beginning of these proceedings.  Do you understand your right to

1  a trial by jury?

2      MR. TURNER: I do understand.

3      THE COURT: And do you understand that if the court
4  accepts your plea of guilty that there won't be a trial?

5      MR. TURNER: Yes, Your Honor.

6      THE COURT: Now, I'm going to ask you about the offense
7  charged in the Information. I would remind you that you are
8  under oath. You must answer truthfully. Any false answers could
9  result in charges of false swearing or perjury. You always have
10 the right to remain silent. And I want to refer you to your plea
11 bargain agreement, at the very top of page 2, numbered Paragraph
12 3, which is entitled in bold **Factual Basis for Guilty Plea**. That
13 takes up the entirety of pages 2 and 3, and then, oh, about the
14 top one-third portion of page 4. Have you read Paragraph 3 and
15 gone over it with Ms. Fiester?

16     MR. TURNER: Yes, Your Honor.

17     THE COURT: And are the statements contained in
18 Paragraph 3 true?

19     MR. TURNER: Yes, Your Honor.

20     THE COURT: Ms. Fiester, you've had access to the
21 Government's discovery file in this case, have you not?

22     MS. FIESTER: Yes, Your Honor.

23     THE COURT: And based upon your review of the discovery
24 file, are you satisfied if put to proof, that the United States
25 could make a submissible case as to all the elements pertaining

1  to the Information as set forth in Section 3 of the Plea
2  Agreement?
3        MS. FIESTER: Yes, I anticipate the Government could
4  make a submissible case.
5        THE COURT: There is an adequate factual basis for the
6  plea of guilty to the Information. I find that the defendant's
7  plea is voluntary and did not result from force, threats or
8  promises other than those set forth in the Plea Agreement and the
9  supplement to the Plea Agreement. Mr. Turner, you are
10 represented in this case by Ms. Fiester. Have you had enough
11 time to talk with her about your case?
12       MR. TURNER: Yes, Your Honor.
13       THE COURT: And are you satisfied with the advice that
14 she's given you?
15       MR. TURNER: Absolutely, Your Honor.
16       THE COURT: The law requires me to ask you if this
17 morning you are on any medication prescribed by a physician or
18 any drugs or alcohol of any kind which would affect your ability
19 to understand what we're doing?
20       MR. TURNER: I am not, Your Honor.
21       THE COURT: The plea bargain agreement that you've
22 signed contains what we refer to as an appeal waiver. It can be
23 found on -- at the bottom of page 10, numbered Paragraph 15,
24 which is entitled in bold **Waiver of Appellate and Post-Conviction**
25 **Rights**. Again, it's at the bottom of page 10 and then goes over

1  to the top one-quarter portion of page 11. I'll be referring
2  directly to the language in subparagraph (a) and (b) of Paragraph
3  15 if you want to follow along. It provides that you
4  acknowledge, understand and agree that by pleading guilty
5  pursuant to the Plea Agreement that you waive your right to
6  appeal now or collaterally attack later a finding of guilt
7  following the acceptance of the Plea Agreement except on the
8  grounds of ineffective assistance of counsel or prosecutorial
9  misconduct. That you expressly waive your right to appeal your
10 sentence directly now or collaterally later on any ground except
11 claims of ineffective assistance of counsel, prosecutorial
12 misconduct or an illegal sentence. An illegal sentence includes
13 a sentence imposed in excess of the statutory maximum but does
14 not include less serious sentencing errors such as a
15 misapplication of the Sentencing Guidelines, an abuse of
16 discretion, or the imposition of an unreasonable sentence.
17 However, if the United States exercised its right to appeal you
18 would be released from the appeal waiver and could appeal as
19 allowed by law. Do you understand that by signing this Plea
20 Agreement that you've given up those rights to appeal as set
21 forth in Paragraph 15?
22         MR. TURNER: I do, Your Honor.
23         THE COURT: Understanding that and the other matters
24 that we've discussed this morning, is it your desire for the
25 court to accept the plea of guilty?

1           MR. TURNER: Yes, Your Honor.

2           THE COURT: Mr. Kempf, on behalf of the United States,
3 do you have any other record under Rule 11 that you think I need
4 to make?

5           MR. KEMPF: No, Your Honor.

6           THE COURT: And, Ms. Fiester, on behalf of the
7 defendant, do you have any other record under Rule 11 that you
8 think I need to make?

9           MS. FIESTER: No, Your Honor.

10          THE COURT: I will recommend the plea of guilty be
11 accepted and I will order a Presentence Investigation to be
12 conducted by the Probation Office.

13          Mr. Turner, there has been no request by the United
14 States for detention in this matter, and so, therefore, I have
15 prepared a bond and order setting conditions of release which you
16 reviewed with the Pretrial Services Officer. She's gone over
17 them with you and you have signed them. Do you understand the
18 conditions of your release and the penalties should you violate
19 any or fail to appear?

20          MR. TURNER: Yes, Your Honor.

21          THE COURT: And do you agree to abide by these
22 conditions?

23          MR. TURNER: Yes, sir.

24          THE COURT: I will order you released on these
25 conditions. I do note and I spoke with the author of the bond

1  report or the bond conditions and, you know, there are some
2  concerns.  You need to understand that you are not to use alcohol
3  and you're not to obviously use or possess a narcotic drug or
4  other controlled substance as defined in 21 U.S.C. Section 802.
5  If you want to remain out on bond, you know, those are two deal
6  breakers for me.  If you start testing positive or I find out
7  that you're drinking -- I find out you're drinking and driving
8  we're going to have about 15-second revocation hearing of your
9  bond.  It will be very short, so.  And you better not be drinking
10 even period.  So I just want to stress that all of these
11 conditions of course are important, but some are going to be
12 considered by the Court to be zero tolerance violations and I
13 will revoke your bond.  So, I will release you on these
14 conditions.  Is there anything further either side?
15          MR. KEMPF:  No, Your Honor.
16          MS. FIESTER:  Just one quick thing, Your Honor.  If we
17 could just make sure this is included in the record.  We did
18 inquire -- there's a special condition of no contact with any
19 victims or witnesses in this case and we were checking because
20 the only person I could think of and that I believe Mr. Kempf
21 could think of other than, you know, agents that might be
22 considered a witness at this point in the investigation might be
23 his spouse, but I don't believe the Government intends for this
24 condition to preclude him from speaking to his spouse, so.
25          MR. KEMPF:  We do not, Your Honor.

1  THE COURT: All right. Well, and that's worth
2 clarifying. I mean, normally I do not, you know, include the
3 spouse unless of course the both were implicated maybe in the
4 offense. But, the Government is indicating that that's not the
5 case and so you can speak to your wife. And maybe she'd want a
6 condition that you don't do that.
7  MS. FIESTER: That is exactly what Alicia said.
8  THE COURT: But, anyway. Well, good luck to you, Mr.
9 Turner.
10  MS. FIESTER: All right. Thank you, Your Honor.
11  THE COURT: Yeah. You're welcome. With that, we'll be
12 adjourned.
13           (Court Adjourned at 9:34 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker        October 1, 2023
Signature of transcriber            Date